# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHAD S. WILSON,

    Plaintiff,

    v.      Case No. 13-CV-0838

BERNARD D. ERNSTER,
JASON L. ELLISON,
GIUSEPPE A. CANIZZO, SR.,
LT. DANIEL BRAUER,
OFFICER ROLLAN PARISH,
OFFICER HODOROWSKI, and
OFFICER SANDLER,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION AND SCREENING PLAINTIFF'S COMPLAINT

The plaintiff, who is incarcerated at the Milwaukee County House of Correction, filed a *pro se* complaint alleging that his civil rights were violated during an incident outside the Silver Spring House on September 6, 2012. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint. The plaintiff has consented to magistrate judge jurisdiction in accordance with 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure.

The plaintiff has been assessed and paid an initial partial filing fee of $102. His motion for leave to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume

- 2 -

Case 2:13-cv-00838-NJ   Filed 11/19/13   Page 2 of 6   Document 8

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, on September 6, 2012, the plaintiff saw someone vandalizing his automobile. The plaintiff confronted the suspect, and the suspect yelled racial insults at the plaintiff. The plaintiff used the minimum amount of force necessary to stop the suspect, and the suspect then headed into a nearby establishment, still yelling obscenities at plaintiff.

The complaint further alleges that during this time, Defendants Ernster and Ellison approached the plaintiff and asked him what he was doing. Defendant Canizzo then came out asking who hit his brother. These three individuals then "brutally attacked" the plaintiff physically and verbally with racial slurs. Plaintiff escaped from the malicious attack and then blacked out. His next recollection is being dazed and confused at the 4th District Police Station, unaware of what had taken place.

The plaintiff submits that officers from the Glendale Police Department neglected to investigate the crime they were dispatched to investigate, which was a fight in progress. He maintains that the officers failed to scrutinize the incident on September 6, 2012, leaving the appearance that the plaintiff was to blame alone and leaving the plaintiff to be held solely accountable for the incident.

The plaintiff asserts claims under (1) the Hate Crimes Act, 18 U.S.C. § 249; (2) Conspiracy Against Rights, 18 U.S.C. § 241; and (3) 42 U.S.C. § 1983. As to the alleged violations of the Hate Crimes Act and Conspiracy Against Rights, those statutes are part of Chapter 18 of the United States

- 3 -

Case 2:13-cv-00838-NJ   Filed 11/19/13   Page 3 of 6   Document 8

Code, which is the United States Criminal Code. There is no private civil right of action under these statues. The Court does not bring criminal charges against individuals. A criminal proceeding is initiated by the state or federal government. In federal court, criminal proceedings start with the United States Attorney's office in coordination with a law enforcement agency. Accordingly, the plaintiff may not pursue a civil cause of actions as to those statutes.

Next, as to the alleged claims under 42 U.S.C. § 1983, to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The plaintiff may not proceed on claims against defendants Ernster, Ellison, or Canizzo. According to the plaintiff, they were private individuals involved in an altercation with him. The plaintiff makes no suggestion that any of them were state actors or acting under color of state law. *See Buchanan-Moore*, 570 F.3d at 827.

Finally, with regard to the officers from the Glendale Police Department, the plaintiff's alleges that they "neglected to investigate the initial crime in which they were originally dispatched to investigate." But negligent conduct on the part of a state official is insufficient to make out a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 331, 333-34 (1986). The court can discern no other actionable claim the plaintiff would have under the facts presented in his complaint. Accordingly, this case will be dismissed for failure to state a claim.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Superintendent of the Milwaukee County House of Correction or his designee shall collect from the plaintiff's prison trust account the $248.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the Superintendent of the Milwaukee County House of Correction and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 19th day of November, 2013.

>BY THE COURT
>
>*s/Nancy Joseph*
>NANCY JOSEPH
>United States Magistrate Judge

- 6 -

Case 2:13-cv-00838-NJ   Filed 11/19/13   Page 6 of 6   Document 8